# No. 26-11111

IN THE
## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

### 777 PARTNERS LLC and INSURETY CAPITAL LLC,
*Plaintiffs-Appellees,*

*v.*

### CHRISTOPHER JAMES PAGNANELLI,
*Defendant-Appellant.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
JOSE E. MARTINEZ, DISTRICT JUDGE · CASE NO. 1:20-CV-20172-JEM

---

# APPELLANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF AND CONDUCT MEDIATION

---

| | |
|---|---|
| **HORVITZ & LEVY** LLP | **BERGER SINGERMAN LLP** |
| PEDER K. BATALDEN | LEONARD K. SAMUELS |
| ERIC S. BOORSTIN | 1450 BRICKELL AVENUE, SUITE 1900 |
| 3601 WEST OLIVE AVENUE, 8TH FLOOR | MIAMI, FLORIDA 33131-3453 |
| BURBANK, CALIFORNIA 91505-4681 | (305) 755-9500 |
| (818) 995-0800 | |

ATTORNEYS FOR DEFENDANT AND APPELLANT
**CHRISTOPHER JAMES PAGNANELLI**

## APPELLANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF AND CONDUCT MEDIATION

Appellant Christopher James Pagnanelli moves for a 90-day extension of time to file his opening brief, and a similar extension for mediation.  Good cause exists for these continuances to (1) coordinate the parties' existing appeal and cross-appeal from the judgment with an anticipated appeal from an order granting or denying attorneys' fees; (2) allow appellee and cross-appellant Insurety Capital, LLC time to file a motion in the district court to correct a clerical mistake in the judgment and a corresponding motion in this Court for a limited remand; and (3) accommodate lead appellant's counsel's preplanned sabbatical.

We know this is an extraordinary request for an unusually long extension.  We wouldn't ask if there weren't unusual circumstances— and more than the usual good cause.  Showing that requires a longer explanation than the average extension motion.  We beg your patience and respectfully request that the Court grant the requested relief.

Pursuant to Eleventh Circuit Rule 27-1(a)(5), appellant's counsel has consulted opposing counsel, who has no objection to the relief sought.

## I.    Procedural history

Plaintiffs and appellees 777 Partners LLC and Insurety Capital LLC alleged that former employee Pagnanelli was liable for breach of contract, breach of fiduciary duty, and misappropriation of trade secrets.  (DC ECF No. 146.)  Pagnanelli contended that his relationship with plaintiffs deteriorated because 777 was misdirecting funds and engaging in improper financial practices.  (See DC ECF No. 191.)

In January 2023, the matter was tried to the district court.  (DC ECF No. 270.)

In July 2023, the district court issued its findings of fact and conclusions of law and entered judgment against Pagnanelli for approximately $9 million.  (DC ECF Nos. 295–296.)  Pagnanelli moved to amend the court's findings of fact and conclusions of law and judgment, or alternatively for a new trial.  (DC ECF No. 297.)

Almost a year later, in March 2024, the district court denied the motion as untimely.  (DC ECF No. 309.)  But the court reconsidered and vacated its order because it had erroneously calculated the filing deadline.  (DC ECF Nos. 310, 313.)

More than a year and a half after that, in November 2025, counsel for 777 moved to withdraw because 777 had assigned all rights, claims, and interest against Pagnanelli to Insurety.  (*See* DC ECF No. 338.)

Several months later—closing in on *three years* since Pagnanelli timely filed his tolling motion—the district court partially granted Pagnanelli's motion and entered an amended judgment against Pagnanelli for approximately $8 million.  (DC ECF Nos. 349–351.)  The district court also withdrew 777's counsel.  (DC ECF No. 352.)

Pagnanelli timely appealed (DC ECF No. 353), and Insurety cross-appealed (DC ECF No. 357).

The circuit mediator scheduled mediation for June 15, 2026.  (11th Cir. ECF No. 11.)  On May 13, the final transcripts were filed in the district court (DC ECF No. 370), making the appellant's opening brief due on June 22, 2026.  (11th Cir. R. 31-1.)

Meanwhile, matters in the district court still haven't been wrapped up.  Insurety's counsel has stated it intends to file a motion to correct a clerical error in the amended judgment pursuant to Federal Rule of Civil Procedure 60(a), and a corresponding motion in this Court for a limited remand under 11th Circuit Rule 12.1-1.  (Declaration of

3

Eric S. Boorstin ¶ 2.)  In addition, pursuant to Insurety's two requests for 30-day continuances, Insurety's motion for attorneys' fees is now due to be filed on July 20, 2026.  (DC ECF Nos. 354, 356, 366, 367.)  Another order and appeal will surely follow.

## II.    For three reasons, good cause exists for the requested 90-day extensions.

*Coordinating the existing appeals with the anticipated fees appeal*

This Court has already docketed the parties' cross-appeals, and briefing deadlines are in force.  But there is an additional appeal coming.

Insurety has indicated its intention to move for attorneys' fees in the district court and has secured two 30-day continuances of the filing deadline to accommodate its expected motion.  (DC ECF Nos. 354, 356, 366, 367.)

If Insurety's fees motion is filed around the July 20 deadline, it will likely not be heard until around the end of August.  After receiving a ruling, each side will need to evaluate its appellate options, and it is likely that either or both parties will appeal.

Continuing the opening brief deadline by 90 days will afford an opportunity for consolidating all appeals into a single, orderly briefing

4

schedule, conserving court and party resources.  Continuing the mediation to correspond with the briefing schedule will also give the parties a greater chance at a successful mediation because the scope of the fees issues—and the other issues presented by this appeal—will be better defined at that later date.

*Allowing time for Insurety's efforts to correct the judgment*

Insurety's counsel states it intends to file a motion in the district court under Federal Rule of Civil Procedure 60(a) to correct a clerical omission in the amended judgment entered on March 5, 2026.  (Boorstin Decl. ¶ 2.)  Insurety also intends to seek a limited remand from this Court under 11th Circuit Rule 12.1-1 to permit the district court to address the Rule 60(a) motion.  (*Id.*)

It is unknown how quickly the district court will act on the Rule 60(a) motion to correct the amended judgment.  The briefing and mediation extensions sought by this motion would allow Insurety time to have its motion heard by the district court before the parties proceed in this Court with their appeals from the amended judgment.

*Accommodating Pagnanelli's lead counsel's sabbatical*

Finally, an unanticipated scheduling issue—which would not exist but for the district court's nearly three-year delay in ruling on the post-trial motion—provides additional good cause.

When the district court issued its ruling partially granting Pagnanelli's motion to amend and entering an amended judgment, Pagnanelli's lead appellate counsel Eric Boorstin had already pre-planned a sabbatical from June 22 to July 31, 2026, during which he will be traveling and was not intending to perform significant work on this or any other matter.  (Boorstin Decl. ¶ 3.)  The six-week sabbatical is offered by his firm after seven years in the partnership.  (*Id*.)

Boorstin was not trial counsel and was retained to handle this appeal.  (Boorstin Decl. ¶ 4.)  The district court docket contains 370 entries.  Boorstin had planned to perform the bulk of the work reviewing the record, conducting legal research, drafting the opening and reply briefs, and arguing the appeal, and had already started reviewing the record and conducting legal research well before the district court issued its unexpectedly timed order resolving Pagnanelli's motion for leave to amend the judgment.  (*Id*.)

Boorstin's other work commitments make it unreasonably difficult to complete the opening brief by the current deadline. (Boorstin Decl. ¶ 5.) A less-than-90-day extension would not allow enough time for counsel to prepare the appellant's opening brief consistent with his sabbatical. (*Id.*) Continuing the mediation to correspond to the extended briefing schedule will also allow for more thorough preparation, closer to when the opening brief is due, which would likely reduce total appellate costs and increase the chances for success. (*Id.*)

## III.  Conclusion

For the foregoing reasons, the deadline for the opening brief should be extended by 90 days and the mediation date should be continued to correspond to the extended briefing deadline.

May 22, 2026

**HORVITZ & LEVY LLP**
  PEDER K. BATALDEN
  ERIC S. BOORSTIN
**BERGER SINGERMAN LLP**
  LEONARD K. SAMUELS

By: _____
            Eric S. Boorstin

Attorneys for Defendant and Appellant
**CHRISTOPHER JAMES PAGNANELLI**

## DECLARATION OF ERIC S. BOORSTIN

I, Eric S. Boorstin, declare as follows:

1.    I am an attorney duly admitted to practice before this Court. I am a partner with Horvitz & Levy LLP, attorneys of record for defendant and appellant Christopher James Pagnanelli.  I have personal knowledge of the facts set forth herein.

2.    Insurety's counsel has stated he does not oppose this extension, and Insurety intends to file a motion to correct a clerical error in the amended judgment pursuant to Federal Rule of Civil Procedure 60(a) and a corresponding motion in this Court for a limited remand under 11th Circuit Rule 12.1-1.

3.    When the district court issued its ruling partially granting Pagnanelli's motion to amend and entering an amended judgment, I had already pre-planned a sabbatical from June 22 to July 31, 2026, during which I will be traveling and not intending to perform significant work on this or any other matter.  The six-week sabbatical is offered by my firm after seven years in the partnership.

4.    I was not trial counsel and was retained to handle this appeal.  I had planned to perform the bulk of the work reviewing the

8

record, conducting legal research, drafting the opening and reply briefs, and arguing the appeal, and had already started reviewing the record and conducting legal research well before the district court issued its unexpectedly timed order resolving Pagnanelli's motion for leave to amend the judgment.

5.      My other work commitments make it unreasonably difficult to complete the opening brief by the current deadline.  A less-than-90-day extension would not allow enough time for me to prepare the appellant's opening brief consistent with my sabbatical.  Continuing the mediation to correspond to the extended briefing schedule will also allow for more thorough preparation, closer to when the opening brief is due, which would likely reduce total appellate costs and increase the chances for success.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 22, 2026, at Burbank, California.

_____
Eric S. Boorstin

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

*Check the appropriate box in section 1, and check the box in section 2.*

1.    **Type-Volume**

☑    This document complies with the word limit of FRAP        27(d)(2)(A) because, excluding the parts of the document exempted by FRAP 32(f) and                                , this document contains

1,558                words.

**or**

☐    This brief complies with the line limit of FRAP    [insert Rule citation]    because, excluding the parts of the brief exempted by FRAP 32(f) and            [insert applicable Rule citation, if any]                , this brief uses a monospaced typeface and  contains        [state the number of]        lines of text.

2.    **Typeface and Type-Style**

☑    This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

(s) Eric S. Boorstin

Attorney for Appellant

Dated: May 22, 2026

Rev.: 12/16