**No. 26-11111**

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

_____

**777 PARTNERS LLC AND INSURETY CAPITAL LLC,**

*Plaintiff-Appellee-Cross Appellant,*

*v.*

**CHRISTOPHER JAMES PAGNANELLI,**

*Defendant-Appellant.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
JOSE E. MARTINEZ, DISTRICT JUDGE – CASE NO. 1:20-CV-20172-JEM

_____

**APPELLEE-CROSS APPELLANT'S UNOPPOSED**
**MOTION FOR LIMITED REMAND FOR THE DISTRICT**
**COURT TO ADJUDICATE A RULE 60(a) MOTION TO**
**CORRECT A CLERICAL MISTAKE IN THE AMENDED FINAL**
**JUDGMENT THAT IS THE SUBJECT OF THIS APPEAL**

_____

MATTHEW A. BARISH, ESQ.
**COLE SCHOTZ P.C.**
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431
TEL.: (646) 563-8958
FAX: (646) 563-7958

LUIS SALAZAR, ESQ.
**COLE SCHOTZ P.C.**
2121 SW 3RD AVENUE, SUITE 200
MIAMI, FLORIDA 33129
TEL: (305) 374-4848

DANIEL F.X. GEOGHAN, ESQ.,
**COLE SCHOTZ P.C.**
1325 AVENUE OF THE AMERICAS, 19TH FLOOR
NEW YORK, NEW YORK 10019
TEL.: (212) 752-8000

DANIEL J. HARRIS, ESQ.
**COLE SCHOTZ P.C.**
COURT PLAZA NORTH
25 MAIN STREET, 4TH FLOOR
HACKENSACK, NEW JERSEY 07601
TEL.: (201) 489-3000

**APPELLEE-CROSS APPELLANT INSURETY CAPITAL LLC'S
UNOPPOSED MOTION FOR LIMITED REMAND FOR
THE DISTRICT COURT TO ADJUDICATE A RULE 60(a) MOTION TO
CORRECT A CLERICAL MISTAKE IN THE AMENDED FINAL
<u>JUDGMENT THAT IS THE SUBJECT OF THIS APPEAL</u>**

Appellee-Cross Appellant, Insurety Capital LLC ("**Insurety**"), respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 12.1 and Eleventh Circuit Rule 12.1-1 for a limited remand for the purpose of allowing the United States District Court for the Southern District of Florida to rule on Insurety's motion under Federal Rule of Civil Procedure 60(a) to correct a clerical mistake in the Amended Final Judgment entered by the District Court on March 5, 2026 (the "**Amended Final Judgment**"). Appellant, Christopher James Pagnanelli ("**Pagnanelli**"), does not oppose the relief sought in this Motion.  In support thereof, Insurety states as follows:

<u>**BRIEF BACKGROUND**</u>

On July 17, 2023, following a bench trial, the District Court entered Findings of Fact and Conclusions of Law holding Pagnanelli liable for breach of contract and misappropriation of trade secrets, and determining that Insurety and 777 Partners are entitled to recover reasonable attorneys' fees against Pagnanelli under the Defend Trade Secrets Act ("**DTSA**") and the Florida Uniform Trade Secrets Act ("**FUTSA**"), with the amount to be determined by separate motion and order. [DC ECF No. 295 at ¶¶ 64-66] The Final Judgment incorporated those directives.

On March 5, 2026, the District Court entered Amended Findings of Fact and Conclusions of Law [DC ECF No. 350] (the "**Amended FOF**") and an Amended Final Judgment [DC ECF No. 351]. The District Court eliminated the disgorgement award on the DTSA and FUTSA claims but reaffirmed that Insurety and 777 Partners are entitled to recover reasonable attorneys' fees under the DTSA and FUTSA, with the amount to be determined by separate motion and order. *See, e.g.,* Amended FOF at ¶¶ 63, 65, p. 52. However, the Amended Final Judgment inadvertently omitted the provision granting attorneys' fees—a clerical mistake plainly inconsistent with the Amended Findings.

On April 3, 2026, Appellant filed a Notice of Appeal.

On May 22, 2026, Appellee filed an *Unopposed Motion Pursuant to Fed. R. Civ. P. 60(a) to Correct Clerical Mistake in the Amended Final Judgment* [DC ECF No. 371] (the "**Rule 60(a) Motion**"), a true and correct copy of which is attached hereto as **Exhibit 1**.  That Motion advised the Court that Insurety intended to seek remand to permit the Court to correct the clerical mistake.  Nevertheless, on May 26, 2026, the District Court granted the Rule 60(a) Motion [DC ECF No. 372], advising that a second amended final judgment would follow by separate order.

Accordingly, Insurety respectfully requests that the Court grant remand effective as of May 26, 2026, to permit the District Court to correct the clerical mistake and issue a corrected final judgment.

## **RELIEF REQUESTED**

Because the appeal in this case has already been docketed, the District Court may grant relief under Fed. R. Civ. P. 60(a) only with leave of this Court. *See* Fed. R. Civ. P. 60(a) ("[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."). Federal Rule of Appellate Procedure 12.1(b) establishes a general procedure for obtaining such leave through an "indicative ruling": the movant files their motion in the district court, the district court states that it would grant the motion or that the motion raises a substantial issue, and the movant then notifies this Court, which may remand for further proceedings while retaining jurisdiction. *See* Fed. R. App. P. 12.1.

Eleventh Circuit Rule 12.1-1(b), however, provides a streamlined alternative for non-substantive motions, such as those under Rule 60(a). Under the local rule, a party need not wait for the district court to signify its intentions on such a motion before seeking remand:

> If the motion filed in the district court is one that does not request substantive relief from the order or judgment under appeal, **such as a motion to correct a clerical error pursuant to Fed. R. Civ. P. 60(a)**, any party to the appeal may file a motion for a limited remand to give the district court authority to rule on the motion, without waiting for the district court to signify its intentions on the motion.

11th Cir. R. 12.1-1(b) (emphasis added).

4

Insurety's Rule 60(a) Motion seeks precisely the type of non-substantive relief contemplated by this rule: a straightforward clerical correction to align the Amended Final Judgment with the District Court's own Amended FOF with respect to Insurety's entitlement to apply for reasonable attorneys' fees and costs. Insurety does not seek any alteration of the substance of the District Court's Amended Findings of Fact or Amended Final Judgment. The District Court agreed and issued a paperless order granting the Rule 60(a) Motion [DC ECF No. 372], albeit before this Court had an opportunity to act on the present Motion.

WHEREFORE, Appellee respectfully requests that this Court grant this Motion and remand this matter to the United States District Court for the Southern District of Florida, as of May 26, 2026, for the limited purpose of conferring authority on the District Court to enter its paperless Order granting Appellee's Rule 60(a) Motion and the forthcoming Second Amended Final Judgment, while retaining jurisdiction over this appeal.

Dated: May 26, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**

*Attorneys for Appellee & Cross-Appellant, Insurety Capital LLC*

By: ___*/s/ Matthew A. Barish*___
    Matthew A. Barish, Esq.
    Florida Bar No. 1044026
    2255 Glades Road, Suite 300E
    Boca Raton, Florida 33431
    Tel.: (646) 563-8958
    mbarish@coleschotz.com

Luis Salazar, Esq.
Florida Bar No. 147788
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Tel.: (305) 374-4802
LSalazar@coleschotz.com

Daniel F.X. Geoghan, Esq.
State of New York Bar No. 3894383
State of New Jersey Bar No. 037301999
State of Texas Bar No. 24126280
1325 Avenue of the Americas,
19th Floor
New York, New York 10019
Tel.: (212) 752-8000
dgeoghan@coleschotz.com

Daniel J. Harris, Esq.
State of New Jersey Bar No. 019592008
State of New York Bar No. 4695557
Court Plaza North
25 Main Street, 4th Floor
Hackensack, New Jersey 07601
Tel.: (201) 489-3000
dharris@coleschotz.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempt by Fed. R. App. P. 32(f), this document contains 889 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

Dated: May 26, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**

*Attorneys for Appellee & Cross-Appellant, Insurety Capital LLC*

By:   */s/ Matthew A. Barish*
     Matthew A. Barish, Esq.

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, the foregoing was electronically filed with the

Clerk of the Court using CM/ECF, which will serve an electronic copy on all counsel

of record.

Respectfully submitted,

**COLE SCHOTZ P.C.**

*Attorneys for Appellee and Cross-Appellant Insurety Capital LLC*

By:  */s/ Matthew A. Barish*
    Matthew A. Barish, Esq.
    Florida Bar No. 1044026
    2255 Glades Road, Suite 300E
    Boca Raton, Florida 33431
    Tel.: (646) 563-8958
    Fax: (646) 563-7958
    Email: mbarish@coleschotz.com

8

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

777 PARTNERS LLC and INSURETY
CAPITAL LLC,

      Plaintiffs,

vs.

CHRISTOPHER JAMES PAGNANELLI,

      Defendant.

_____/

CASE No. 1:20-CV-20172-JEM

MARTINEZ-OTAZO-REYES

**PLAINTIFF INSURETY CAPITAL LLC'S UNOPPOSED**
**MOTION PURSUANT TO FED. R. CIV. P. 60(a) TO CORRECT**
**CLERICAL MISTAKE IN THE AMENDED FINAL JUDGMENT**

Plaintiff, Insurety Capital LLC ("Plaintiff"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 60(a), respectfully moves this Court to correct a clerical mistake in the Amended Final Judgment, entered on March 5, 2026 (the "Amended Final Judgment") [ECF No. 351]. In support thereof, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

Plaintiff seeks a limited, non-substantive correction of the Amended Final Judgment under Federal Rule of Civil Procedure 60(a). The Amended Findings of Fact and Conclusions of Law, entered on March 5, 2026, unambiguously held that Plaintiff is entitled to recover attorneys' fees and costs under the DTSA and FUTSA, with the amount to be determined by subsequent motion and order. The Amended Final Judgment, however, inadvertently omits the Court's directives regarding Plaintiff's entitlement to attorneys' fees and costs and any corresponding deadline for such application. This omission creates an inconsistency between the Court's substantive ruling and the written judgment.

Under Rule 60(a), this Court has the authority to correct such clerical mistakes to ensure the judgment "speaks the truth" and reflects what the Court already decided. Because the case is currently on appeal, this Court may grant Rule 60(a) relief only with leave of the United States Court of Appeals for the Eleventh Circuit. Accordingly, Plaintiff is concurrently filing a motion for limited remand in the Eleventh Circuit pursuant to 11th Cir. R. 12.1-1, which permits any party to seek remand for non-substantive motions, such as a motion to correct a clerical error under Rule 60(a), without waiting for the district court to signify its intentions on the motion pursuant to Fed. R. Civ. P. 62.1. Defendant does not oppose the relief sought herein, although Defendant does not concede that any fees are warranted or waive any defense to a future fee application.

**BRIEF BACKGROUND**

On July 17, 2023, following a three-day bench trial, this Court entered its Findings of Fact and Conclusions of Law (the "FOF") [ECF No. 295] and Final Judgment [ECF No. 296] consistent with the FOF. As relevant to the instant motion, the FOF expressly provided "that both the DTSA and FUTSA permit Plaintiffs to recover reasonable attorneys' fees in this action for Defendant's misappropriation of Plaintiffs' trade secrets." *See* FOF, ¶ 64; ¶ 65 ("Plaintiffs are entitled to reasonable attorneys' fees pursuant to § 1836(b)(3)(D) and section 668.005, Florida Statutes."); and ¶ 66 ("[R]easonable attorneys' fees [are] to be determined by separate motion and order, as to Counts III and IV.").

At the conclusion of the FOF, the Court ordered and adjudged that "Plaintiffs are entitled to attorneys' fees under the DTSA or FUTSA, in an amount to be determined by separate motion and order." *Id*. at p. 54. Consistent with the FOF, the Court entered the Final Judgment on July 17, 2023. The Final Judgment expressly provides that "Plaintiffs . . . [are] entitled to recover from

2

Defendant . . . attorneys' fees under the DTSA or FUTSA, in an amount to be determined by separate motion and order." Final Judgment, ¶¶ 5-6.

On August 14, 2023, Defendant Christopher James Pagnanelli ("Defendant") moved under Rules 52(b) and 59(e) to amend the FOF and Final Judgment [ECF No. 297]. In his Motion to Amend, Defendant challenged certain damages findings and related issues, including the Court's finding that Defendant's misappropriation of Plaintiff's trade secrets was "willful and malicious," which is the statutory predicate for fee-shifting under the DTSA and FUTSA. *Id*. at p. 14. On March 5, 2026, the Court granted Defendant's Motion to Amend, in part, and entered the Amended Findings of Fact and Conclusions of Law (the "Amended FOF") [ECF No. 350]. Specifically, the Court eliminated the $860,271.25 disgorgement award on the DTSA and FUTSA claims. The Court declined, however, to disturb the injunctive relief it awarded on those claims. The Court also did not disturb its finding that Defendant's misappropriation was "willful and malicious." *See* Amended FOF, ¶ 58 ("Plaintiffs have proved by a preponderance of the evidence that Defendant's misappropriation of the Company's trade secrets was willful and malicious[.]").

As a result, the Court preserved Plaintiffs' entitlement to attorneys' fees, determining that "both the DTSA and FUTSA permit Plaintiffs to recover reasonable attorneys' fees in this action for Defendant's misappropriation of Plaintiffs' trade secrets," and that "reasonable attorneys' fees" shall "be determined by separate motion and order[.]" Amended Findings, ¶¶ 63, 65. At the conclusion of the Amended Findings, the Court expressly ordered and adjudged that "Plaintiffs are entitled to attorneys' fees under the DTSA or FUTSA, in an amount to be determined by separate motion and order." *Id*. at p. 52. The Amended Judgment, however, appears to mistakenly omit any provision addressing attorneys' fees.

On April 3, 2026, Defendant filed a Notice of Appeal seeking review of the following: (1) the Order on Defendant's Motion to Amend; (2) the Amended FOF; (3) the Amended Final Judgment; and (4) the Final Judgment, entered on July 17, 2023. The appeal was docketed in the United States Court of Appeals for the Eleventh Circuit on April 16, 2026, at Case No. 26-11111.

## ARGUMENT

### A.   Rule 60(a) Authorizes Correction of Clerical Mistakes and Omissions that Prevent a Judgment from Reflecting the Court's Actual Decision.

FRCP 60(a) provides that courts can correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment[.]" The Eleventh Circuit has explained that "Rule 60(a) allows a district court to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time." *Bainbridge v. Governor of Florida*, 75 F.4th 1326, 1333 (11th Cir. 2023) (cleaned up). In other words, Rule 60(a) can be used only "to make the judgment speak the truth and cannot be used to make it say something other than what originally was pronounced." *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022).

Courts routinely apply Rule 60(a) to correct omissions from judgments where the written judgment does not accurately reflect the court's prior rulings. *See, e.g., Nelson v. PJ Cheese, Inc.*, 2021 WL 9762981 (N.D. Ga. Dec. 3, 2021) (correcting judgment under Rule 60(a) that referenced only the attorneys' fees and costs awarded by the court, entirely omitting the $164,264.28 arbitration award that the court had also confirmed in the same order); *Joyce v. Potter*, 2008 WL 11434570 (M.D. Fla. Apr. 7, 2008) (invoking Rule 60(a) to correct mathematical miscalculation of EAJA fee award in response to plaintiff's motion for correction).

**B.    The Court Should Correct the Inadvertent Omission of the Attorneys' Fees Provisions in the Amended Judgment Because it is a Clerical Error Correctable Under Rule 60(a)**.

The Amended FOF leaves no ambiguity as to the Court's decision. In no fewer than four *separate instances*, the Court determined that Plaintiff is entitled to recover attorneys' fees and costs under the DTSA and FUTSA, that the amount is to be determined by separate motion and order, and reserved jurisdiction to determine the reasonableness of any fee award sought by Plaintiff. But the Amended Judgment does not incorporate those directives. It mistakenly omits any provision addressing attorneys' fees and sets no deadline for a fee motion. The Amended Judgment, therefore, fails to reflect what the Court actually decided.

Further, nothing in the record suggests that the omission was intentional. Although Defendant's Motion to Amend challenged the Court's finding that his misappropriation of trade secrets was "willful and malicious"—the statutory predicate for fee-shifting—the Court considered and rejected that challenge, retaining the willful-and-malicious finding, and reaffirming Plaintiff's entitlement to attorneys' fees and costs. The omission from the Amended Judgment is, therefore, plainly a clerical mistake.

Accordingly, correcting the Amended Judgment to include the mistakenly omitted provision entitling Plaintiff to attorneys' fees and costs is necessary to restore the Amended Judgment so that it aligns with the Court's determination and decision.

**C.    Plaintiff Concurrently Seeks a Limited Remand Under 11th Cir. R. 12.1-1 Because This Matter is on Appeal**.

Because this case is currently on appeal, the Court may grant Rule 60(a) relief only with leave of the Eleventh Circuit. Rule 60(a) provides that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). Eleventh Circuit Rule 12.1-1 provides a streamlined procedure

5

for obtaining such leave in cases involving non-substantive motions. Specifically, the rule provides that "[i]f the motion filed in the district court is one that does not request substantive relief from the order or judgment under appeal, such as a motion to correct a clerical error pursuant to Fed. R. Civ. P. 60(a), any party to the appeal may file a motion for a limited remand to give the district court authority to rule on the motion, without waiting for the district court to signify its intentions on the motion." 11th Cir. R. 12.1-1.

Concurrently with this Motion, Plaintiff is filing a motion for limited remand in the Eleventh Circuit pursuant to Rule 12.1-1. The correction sought here is precisely the type of non-substantive relief contemplated by the rule: a straightforward clerical correction to align the Amended Judgment with the Court's Amended FOF. Upon remand, Plaintiff respectfully requests that the Court grant this Motion and correct the Amended Judgment to include the omitted attorneys' fees provisions.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (a) determining that the omission of the attorneys' fees provision from the Amended Final Judgment [ECF No. 351] is a clerical error subject to correction under Rule 60(a); (b) correcting the Amended Judgment to include Plaintiff's entitlement to attorneys' fees under the DTSA and FUTSA, as set forth in the Amended Findings, with such fees to be determined by separate motion and order; and (c) granting such other and further relief as the Court deems just and proper.

6

Dated: May 22, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**

*Attorneys for Plaintiff, Insurety Capital LLC*

By:    */s/ Matthew A. Barish*
    Matthew A. Barish, Esq.
    Florida Bar No. 1044026
    2255 Glades Road, Suite 300E
    Boca Raton, Florida 33431
    Tel.: (646) 563-8958
    Fax: (646) 563-7958
    mbarish@coleschotz.com

    Daniel F.X. Geoghan, Esq.
    (admitted *pro hac vice*)
    State of New York Bar No. 3894383
    State of New Jersey Bar No. 037301999
    State of Texas Bar No. 24126280
    1325 Avenue of the Americas, 19th Floor
    New York, New York 10019
    Tel.: (212) 752-8000
    dgeoghan@coleschotz.com

    Daniel J. Harris, Esq.
    (admitted *pro hac vice*)
    State of New Jersey Bar No. 019592008
    State of New York Bar No. 4695557
    Court Plaza North
    25 Main Street, 4th Floor
    Hackensack, New Jersey 07601
    Tel.: (201) 489-3000
    dharris@coleschotz.com

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for Plaintiff certifies that he emailed counsel for Defendant on May 21, 2026 regarding the relief requested herein.  Defendant's counsel responded and advised that Defendant does not oppose the specific relief requested in the motion.

Dated: May 22, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**

*Attorneys for Plaintiff, Insurety Capital LLC*

By:  ___*/s/ Matthew A. Barish*___
Matthew A. Barish, Esq.
Florida Bar No. 1044026
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Tel.: (646) 563-8958
Fax: (646) 563-7958
mbarish@coleschotz.com

Daniel F.X. Geoghan, Esq.
(admitted *pro hac vice*)
State of New York Bar No. 3894383
State of New Jersey Bar No. 037301999
State of Texas Bar No. 24126280
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Tel.: (212) 752-8000
dgeoghan@coleschotz.com

Daniel J. Harris, Esq.
(admitted *pro hac vice*)
State of New Jersey Bar No. 019592008
State of New York Bar No. 4695557
Court Plaza North
25 Main Street, 4th Floor
Hackensack, New Jersey 07601
Tel.: (201) 489-3000
dharris@coleschotz.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 22, 2026, the foregoing was electronically filed with the Clerk of the

Court using CM/ECF, which will serve an electronic copy on all counsel of record.

Respectfully submitted,

**COLE SCHOTZ P.C.**

*Attorneys for Plaintiff, Insurety Capital LLC*

By: ___*/s/ Matthew A. Barish*_____
    Matthew A. Barish, Esq.
    Florida Bar No. 1044026
    2255 Glades Road, Suite 300E
    Boca Raton, Florida 33431
    Tel.: (646) 563-8958
    Fax: (646) 563-7958
    mbarish@coleschotz.com